UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIMITRI DAVIS,

                            Plaintiff,

     -against-

GAIL ENNIS, *et. al.*,

                            Defendants.
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 29 2023 ★

LONG ISLAND OFFICE

**ORDER**
23-CV-4859(GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

Before the Court is the renewed application to proceed *in forma pauperis* filed by Dimitri Davis ("Plaintiff"), acting *pro se*. *See* Docket Entry ("DE") 6. Upon review, the Court finds that Plaintiff is qualified by his financial position as reported on the renewed application to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

### 1. Summary of the Complaint

Plaintiff's complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and seeks to overturn his 1998 state court conviction.[1] (*See* DE 1, *in toto*.) Named as defendants are the assistant district attorney who prosecuted that criminal case, Gail Ennis ("ADA Ennis"), the presiding judge, Daniel J. Cotter ("Judge Cotter"), Plaintiff's

---

[1] Plaintiff plead guilty to, and was convicted of, Sexual Abuse in the First Degree and was sentenced to a determinate term of three years incarceration. Plaintiff unsuccessfully challenged that conviction by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *See Davis v. Nassau County*, 524 F. Supp. 2d 182 (E.D.N.Y. 2007) (dismissing petition and holding that "the sex offender registration requirement, including any penalties resulting from failure to comply with that requirement, are collateral consequences from the underlying expired conviction and, thus, cannot satisfy the 'in custody' requirement for purposes of federal habeas review on the underlying conviction").

...
...

court-appointed lawyers, Martin I. Silberg, Esq. ("Silberg") and Michael F. Berger, Esq. ("Berger"), and two Nassau County law enforcement officers: police officer Maffei ("P.O. Maffei"), and detective Lloyd Doppman ("Det. Doppman" and collectively, "Defendants"). (DE 1 at 1, and at 2-3 ¶ I. B.)  The complaint alleges that, in September 1997, Plaintiff was deprived of "due process, equal protection of the law, equal rights, [and] civil rights" as guaranteed by the Fourteenth Amendment in connection with the preparation of the indictment against him.  (*Id.* at 4, ¶ II. A-B.)  Rather than include any allegations in the complaint, Plaintiff refers to documents annexed to complaint as Exhibits A-C.  (*Id.* at 5, ¶ III. C.)  Plaintiff also annexed a three-page typed analysis of those exhibits.  (*Id.* at 9-11.)  Plaintiff contends that these documents demonstrate that: (1) he was maliciously prosecuted by ADA Ennis when she committed forgery and fraud relating to the indictment; (2) P.O. Maffei and Det. Doppman fabricated statements against him; (3) Judge Cotter conspired with the prosecutor to commit malicious prosecution; and (4) his lawyers, Berger and Silberg, conspired with the prosecutor to indict and convict him. (*Id.*)

For relief, Plaintiff "want[s] my conviction overturned.  I want $10 million dollars a year for every year I've been going through this malicious prosecution for the last [. . .] 26 years." (*Id.* at 6, ¶ V.)  Plaintiff further seeks to have "Mr. Berger disbarred along with Ms. Ennis and Mr. Silberg even though he's deceased.  I also want any defendant still living prosecuted to the fullest extent of the law." (*Id.*)

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d

2

Cir. 1983).

I. *In Forma Pauperis*

Upon review of the renewed IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP (DE 6) is granted.

II. **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the

grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id.* The Court analyzes Plaintiff's Section 1983 claims below.

### I.  Immunity

#### A. The Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens in federal court. *See, e.g., Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity extends to state

officials acting in their official capacities, including an assistant district attorney and state court judge. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing § 1983 claims against prosecutors because the Eleventh Amendment bars claims against district and assistant district attorneys acting in their official capacities); *Smith v. Troulakis*, No. 22-CV-3441(GRB)(LGD), 2022 WL 3139118, at *3 (E.D.N.Y. Aug. 5, 2022) (dismissing official capacity Section 1983 claims against assistant district attorney as barred by the Eleventh Amendment); *Thomas v. Martin-Gibbons*, No. 20-3124, 2021 WL 2065892 (2d Cir. May 24, 2021) (summary order) (affirming dismissal of *pro se* Section 1983 claims against the State of New York and a state court judge in his official capacity based on Eleventh Amendment immunity).

However, sovereign immunity "is not absolute," and the Supreme Court "ha[s] recognized . . . two circumstances in which an individual may sue a State." *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, "a State may waive its sovereign immunity by consenting to suit." *Id.* Second, "Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment." *Id.*; *see also Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000). Neither of these exceptions applies in this case. It is well-established that New York State has not waived its sovereign immunity from Section 1983 claims. *Mamot v. Bd. of Regents*, 367 Fed. App'x 191, 192 (2d Cir. 2010) (summary order). Moreover, Congress did not abrogate that immunity when it enacted Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"). Thus, Plaintiff's claims against ADA Ennis and Judge Cotter in their official capacities are barred by

the Eleventh Amendment and are thus dismissed pursuant to 28 U.S.C §§ 1915(e)(2)(B).[2]

## B. Judicial Immunity

Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages."). Indeed, "judicial acts - - even if they are alleged to have been done maliciously or corruptly - - are not subject to civil liability." *Davis v. Gillespie*, No. 22-CV-6207, 2023 WL 5002553, at *5 (E.D.N.Y. Aug. 4, 2023) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (finding state court judge absolutely immune from § 1983 suit where that judge had power to entertain and act upon motions in an underlying case)). "The Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *See Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009)). Absolute judicial immunity "is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (internal quotation marks omitted); *Bliven*, 579 F.3d at 209.

Here, the challenged conduct of Judge Cotter occurred during the course of the underlying criminal state court proceedings and any actions he took in that case were judicial acts for which he is afforded absolute judicial immunity. Accordingly, Plaintiff's Section 1983 claims against Judge Cotter are not plausible and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2] These claims are implausible for the additional reason that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983" and thus no action may lie against them for money damages. *Will*, 491 U.S. at 71.

### C. Prosecutorial Immunity

As this Court has previously explained,

> [u]nder federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities, i.e., those acts intimately associated with the judicial phase of the criminal process ... but not for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate.

*Trotman v. Doe*, No. 18-CV-7469 (GRB)(LB), 2020 WL 5097236, at *6 (E.D.N.Y. Aug. 27, 2020) (internal quotation marks and citation omitted). Here, Plaintiff's Section 1983 claims against ADA Ennis in her individual capacity must fail because her preparation of the indictment "falls squarely in the acts intimately associated with the judicial phase of the criminal process, and thus, [s]he[ ] must be afforded prosecutorial immunity in this context." *Id.* at *7 (internal quotation marks and citation omitted). Indeed, a prosecutor's "alleged presentation of false evidence to the grand jury 'lies at the very core of a prosecutor's role as an advocate engaged in the judicial phase of the criminal process.'" *Buari v. City of N.Y.*, 530 F. Supp. 3d 356, 380 (S.D.N.Y. 2021) (alteration omitted) (quoting *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004)) (collecting cases); *Soley v. County of Nassau*, No. 18-CV-377 (ARR)(SJB), 2022 WL 2954055, at *5 (E.D.N.Y. July 26, 2022) (finding prosecutor was immune from suit and dismissing Section 1983 claims against her in her individual capacity insofar as they were based on her allegedly eliciting false testimony before the grand jury); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 72 (2d Cir. 2019) (explaining that prosecutors have absolute immunity for decisions and acts that "constitute[ ] an exercise of their prosecutorial discretion in preparing a case for indictment and deciding when, where, and how to prosecute"). Accordingly, these claims are not plausible, *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) ("'[A] state prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a

7

criminal prosecution . . . is immune from a civil suit for damage'" under § 1983) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)), and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

**III. Lack of State Action**

"[T]he United States Constitution regulates only the Government, not private parties." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *see generally Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and quotation marks omitted)). Thus, Plaintiff's Section 1983 claim against Berger and Silberg, the attorneys who represented Plaintiff in the underlying state court criminal case, necessarily fail because they are not state actors. *See, e.g., McCoy v. Stafford*, No. 23-CV-3074(GRB)(AYS), 2023 WL 3688066, at *3 (E.D.N.Y. May 24, 2023) (citing *Mercado v. Orange Cty. Legal Aid Soc'y*, No. 19-CV-11904 (CM), 2020 WL 635579, at *2 (S.D.N.Y. Feb. 10, 2020) ("[T]he representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender.")) (citing *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004)). "[I]t is axiomatic that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, at *7 (E.D.N.Y. Sept. 23, 2008) (citing, *inter alia, Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)) (internal quotation marks omitted).

Here, as is readily apparent, Plaintiff's sparse allegations do not allege that Berger or

Silberg acted outside "a lawyer's traditional functions as counsel" nor does he allege any basis from which the Court could reasonably construe that these defendants engaged in any "concerted action" with a state actor. *Rodriguez*, 116 F.3d at 66; *Mercado*, 2020 WL 635579, at *2. Although Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights, *Ciambriello*, 292 F.3d at 323-24, Plaintiff's general allegation that the Defendants conspired with a state actor to violate his constitutional rights does not suffice.[3] "Section 1983 was enacted to redress civil rights violations by persons acting under color of State law and should not be used by clients disappointed with the performance of their attorneys." *Brooks v. New York State Supreme Court*, No. 02-CV-4183, 2002 WL 31528632, at *3 (E.D.N.Y. Aug. 16, 2002) (citation omitted). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Berger and Silberg and these claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

### IV. Claims Against Det. Doppman and P.O. Maffei

Plaintiff alleges that Det. Doppman and P.O. Maffei forged Plaintiff's victim's name as well as the names of other members of her family on the statements against him. *See* DE 1 at 9 and at Ex. A. Success on Plaintiff's Section 1983 claims against these defendants would implicate the validity of his conviction and are barred because the underlying criminal proceedings have not been terminated in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994); *see also Barnes v. City of New York*, No. 13-CV-7283 (GBD) (JLC), 2015 WL 4076007, at *16

---

[3] In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello*, 292 F.3d at 324-25 (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999)). As is readily apparent, Plaintiff includes no such allegations.

(S.D.N.Y. July 2, 2015) ("Where the plaintiff's underlying conviction has not been so invalidated, courts routinely dismiss Section 1983 claims for, *inter alia*, malicious prosecution, conspiracy and deprivation of the right to a fair trial pursuant to *Heck*"); *Cruz v. Reilly*, 08-CV-1245 (JFB)(AKT), 2009 WL 2567990, at *3 (E.D.N.Y. Aug. 18, 2009) ("pursuant to *Heck*, courts routinely dismiss claims of, *inter alia*, malicious prosecution, conspiracy, and deprivation of the right to a fair trial brought under Section 1983 when such claims bear on the validity of an underlying conviction") (collecting cases). Because Plaintiff's petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for this conviction was unsuccessful, *see Davis v. Nassau County*, 524 F. Supp. 2d 182 (E.D.N.Y. 2007) (dismissing petition and finding it "abundantly clear that petitioner is only seeking to overturn his underlying sex offense conviction"), the underlying conviction has not been invalidated. Thus, Plaintiff's Section 1983 claims against Det. Doppman and P.O. Maffei are not plausible and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

V. **State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward

10

declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and Plaintiff may pursue any such claims in statue court.

## V. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, the deficiencies in Plaintiff's claims are substantive and could not be cured with better pleading. Accordingly, leave to amend the complaint would be futile and is thus denied.

## CONCLUSION

Based on the foregoing, Plaintiff's renewed application to proceed IFP (DE 6) is granted. However, complaint (DE 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Leave to amend the complaint is denied. The Clerk of the Court shall enter judgment accordingly and mail a copy of this order and judgment to the Plaintiff at his address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 29, 2023
       Central Islip, New York

/s/ Gary R. Brown

**Hon. Gary R. Brown**
**United States District Judge**